IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

GAYE LYNN DILEK BREWER,
    Plaintiff,

vs.                                              Case No.: 3:15cv573/RV/EMT

CITY OF GULF BREEZE
and GULF BREEZE POLICE DEPARTMENT,
    Defendants.
_____ /

# REPORT AND RECOMMENDATION

    Plaintiff Gaye Lynn Dilek Brewer ("Brewer"), a non-prisoner proceeding pro se and in forma pauperis, commenced this action by filing a civil right complaint under 42 U.S.C. § 1983 (ECF No. 1). Pending before the court is Brewer's Amended Complaint (ECF No. 8).

    The case was referred to the undersigned for the issuance of all preliminary orders and any recommendations to the district court regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2(E); *see also* 28 U.S.C. § 636(b)(1)(B)(C); Fed. R. Civ. P. 72(b). After careful consideration of all issues raised by Brewer, it is the opinion of the undersigned that dismissal of this action is warranted.

I.      BREWER'S ALLEGATIONS

Brewer names the following Defendants in her Amended Complaint: (1) Robert Randle, Chief of the Gulf Breeze Police Department ("GBPD"), (2) Sergeant Stephen Neff of the GBPD, (3) Michael Stebbins, City Attorney for the City of Gulf Breeze, (4) Brandon Scapin, a officer with the GBPD, and (5) Wayne Willis, a hearing officer in traffic court in Santa Rosa County, Florida (ECF No. 8 at 1–3).[1]

Brewer alleges that between June 1, 2010, and May 18, 2014, she was issued at least eighteen traffic citations in the State of Oklahoma and the State of Florida (ECF No. 8 at 4). Brewer's complaint focuses on her convictions for two of those citations, a citation issued by Defendant Sergeant Neff on September 14, 2011, and a citation issued by Defendant Officer Scapin on May 18, 2014 in Case No. 2014-TR-9228 (ECF No. 8 at 4–9). Brewer claims that her convictions were obtained in violation of her rights guaranteed by the Fourth and Eighth Amendments, the Due Process and Equal Protection Clauses of the Fourteenth Amendment, Title VI of the Civil Rights Act of 1964, and 42 U.S.C. § 14141 (*id.* at 10). Brewer also brings state law claims (*id.*). As relief, she seeks five million dollars (*id.*). She also seeks prospective injunctive relief, including "posting of color of law, discrimination issues

---

[1] The page references used in this Report reflect the page numbers as enumerated in the court's electronic docketing system rather than those Brewer may have assigned.

within city halls & police stations everywhere, increased training on gender and racial bias, and punishment thru misconduct thru the judicial system" (*id.*).

II. ANALYSIS

Because Plaintiff is proceeding in forma pauperis, the court may dismiss a claim if satisfied that it is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Dismissals for failure to state a claim are governed by the same standard as Federal Rule of Civil Procedure 12(b)(6). Mitchell v. Farcass, 112 F.3d 1483, 1485 (11th Cir. 1997). The allegations of the complaint are taken as true and are construed in the light most favorable to Plaintiff. Davis v. Monroe Cnty. Bd. Of Educ., 120 F.3d 1390, 1393 (11th Cir. 1997). To survive § 1915(e)(2)(B)(ii), "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949 (2009) (quotation marks omitted). A claim is plausible on its face where "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Plausibility means "more than a sheer possibility that a defendant has acted unlawfully." *Id.* "Where a complaint pleads facts that are merely

consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* (internal quotation marks omitted).

The determination of whether a complaint states a plausible claim for relief is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 556 U.S. at 679 (citation omitted). The pleader is not entitled to relief "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct." *Id.* (citing Fed. R. Civ. P. 8(a)(2)). The court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Id.* at 678 (quotation and citation omitted). And "bare assertions" that "amount to nothing more than a formulaic recitation of the elements" of a claim "are conclusory and not entitled to be assumed true." *Id.* at 681 (quotation and citation omitted). Stated succinctly:

> Pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

*Id.* at 679.

    A.    <u>Duplicative Claims</u>

Brewer's claims against Defendants Randle, Neff, and Stebbins regarding the traffic citation issued by Neff on September 14, 2011, are subject to dismissal for abuse of the judicial process. Brewer presented those claims to this court in a prior civil rights action. *See* Brewer v. City of Gulf Breeze, No. 3:15cv489/MCR/EMT, Complaint (N.D. Fla. Oct. 30, 2015). On December 14, 2015, the court dismissed Brewer's federal claims with prejudice as frivolous, and dismissed her state law claims without prejudice to her pursuing them in state court. *See id.*, Order (N.D. Fla. Dec. 14, 2015). Apparently dissatisfied with the court's decision, Brewer initiated the instant case just nine days later, on December 23, 2015, re-asserting the same claims (*see* ECF No. 1). Brewer's conduct constitutes abuse of the judicial process.

The undersigned notes that a growing number of Brewer's cases have been summarily dismissed prior to service under 28 U.S.C. § 1915 as frivolous or for failure to state a claim upon which relief may be granted. *See, e.g.*, Brewer v. U.S. Attorneys Security, No. 3:15cv563/MCR/CJK, Report and Recommendation (N.D. Fla. Dec. 28, 2015). Further, one of Brewer's cases was recently dismissed as abusive of the judicial process. *See* Brewer v. Pensacola Police Department, No. 3:16cv30/MCR/EMT, Order (N.D. Fla. Apr. 4, 2016). By virtue of that dismissal, Brewer was put on notice that, unless she acted to limit her own frivolous filings, the

court may have to instill those limits. *See id.*, Report and Recommendation (N.D. Fla. Feb. 3, 2016). Despite that warning, and very shortly after the court issued it, Brewer filed her Amended Complaint in this case raising her duplicative claims against Defendants Randle, Neff, and Stebbins. Brewer's duplicative claims should be dismissed under § 1915(e)(2)(B)(i) as malicious. *See* Bailey v. Johnson, 846 F.2d 1019, 1021 (5th Cir. 1988) (an in forma pauperis complaint repeating the same factual allegations asserted in an earlier action is due to be dismissed under 28 U.S.C. § 1915); Cato v. United States, 70 F.3d 1103, 1105 n.2 (9th Cir. 1995) (an in forma pauperis complaint containing the same allegations as a prior complaint dismissed under § 1915 may be dismissed as frivolous or malicious); Crisalfi v. Holland, 655 F.2d 1305, 1309 (D.C. Cir. 1981) ("A complaint that merely repeats pending or previously litigated claims may be considered abusive, and a court may look to its own records to determine whether a pleading repeats prior claims.").

Brewer's claims against Chief Randle, Sergeant Neff, and City Attorney Stebbins relating to the traffic citation of September 14, 2011, are also subject to dismissal on grounds of res judicata. The doctrine of res judicata bars the filing of claims that were raised or could have been raised in an earlier proceeding when:

(1) there is a final judgment on the merits; (2) the decision was rendered by a court of competent jurisdiction; (3) the parties, or those in privity with them, are identical in both suits; and (4) the same cause of action is involved in both cases.

Ragsdale v. Rubbermaid, Inc., 193 F.3d 1235, 1238 (11th Cir. 1999). All of these elements are satisfied in this case. Therefore, Brewer's claims are barred by res judicata.

      B.     Claims Challenging Conviction in Case No. 2014-TR-9228

With regard to the traffic citation issued by Defendant Scapin on May 18, 2014, Brewer alleges that the citation was not signed by Officer Scapin, and that the time indicated on the citation was "questionable" (ECF No. 8 at 5, 7). She also alleges that the citation "was stolen from me illegally in an illegal, false seizure" (*id.* at 4). Brewer alleges she contacted Defendant Stebbins and the mayor of the City of Gulf Breeze (*id.*). She alleges she was "illegally charged" by Scapin in Case No. 2014-TR-9228 (*id.* at 7). Brewer alleges her request for rehearing was denied (*id.*). Brewer alleges she was required to pay an excessive fine of $252.25 for Officer Scapin's "illegal seizure" (*id.* at 5, 7). Brewer alleges the City of Gulf Breeze denied her requests to remove the fine and "reverse" the illegal citation to avoid her driver's license being suspended (*id.* at 7). She alleges that her driver's license and money were "illegally take" as a result of the citation (*id.* at 7–8). Brewer alleges the City of

Gulf Breeze and Chief Randle are "in contempt of State laws and the Constitution thru false unsigned affidavits in court and denying affidavits of compliance thru gross negligence and possible conspiracy by all involved" (*id.* at 9).

In Heck v. Humphrey, 512 U.S. 477, 114 S. Ct. 2364, 129 L. Ed. 2d 383 (1994), the Supreme Court held:

> in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.  A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983.  Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

512 U.S. at 486–87.

Whether Heck bars an action where the conviction did not lead to confinement, which is the case here, is unsettled.[2]  *See* Rolle v. Dilmore, No. 4:14cv339/RH/CAS,

---

[2] Under Florida law, a "conviction" is defined as a determination of guilt that is the result of a plea or a trial, regardless of whether adjudication is withheld. *See* Fla. Stat. § 921.0021(2), § 960.291(3); Behm v. Campbell, 925 So.2d 1070, 1072 (Fla. 5th DCA 2006) (no contest plea constituted conviction under Florida law even though adjudication was withheld, barring false arrest and battery claims stemming form arrest).  The court takes judicial of information available on the database maintained by the Santa Rosa County Clerk of Court, http://www.santarosaclerk.com/,

Case No.: 3:15cv95/RV/EMT

2014 WL 6882634, at *2 (N.D. Fla. Dec. 3, 2014) (unpublished) (citing Ferenc v. Haynes, 4:10cv138–RH/WCS, 2010 WL 4667569 (N.D. Fla. Nov. 9, 2010) (unpublished) (collecting cases)). The majority opinion in Heck can be read to suggest that the favorable-termination requirement is an element of any § 1983 action alleging unconstitutional conviction, regardless of whether the conviction led to confinement, and regardless of whether any confinement continued when the § 1983 action was filed. 512 U.S. at 483–484. The Heck Court was not presented with such facts, but the majority acknowledged the possibility that even a released prisoner might not be permitted to bring a § 1983 action implying the invalidity of a conviction or confinement without first satisfying the favorable-termination requirement. *Id.* at 490 n.10. However, in a concurring opinion in Heck, and in both concurring and

---

which indicates that on May 18, 2014, Case No. 2014-TR-9228 was filed, charging Brewer with failing to drive to the right when driving less than normal speed. *See* Fed. R. Evid. 201; United States v. Berrojo, 628 F.3d 368, 369 (5th Cir. 1980) ("The doctrine of judicial notice permits a judge to consider a generally accepted or readily verified fact as proved without requiring evidence to establish it."); *see also* Mangiafico v. Blumenthal, 471 F.3d 391, 398 (2d Cir. 2006) (district court permissibly looked to docket sheets in ruling on motion to dismiss because "docket sheets are public records of which the court could take judicial notice"); In re Salem, 465 F.3d 767, 771 (7th Cir. 2006) (taking judicial notice of state court dockets and opinions); Dawson v. Mahoney, 451 F.3d 550, 551 (9th Cir. 2006) (taking judicial notice of state court orders and proceedings); United States v. Mercado, 412 F.3d 243, 247–48 (1st Cir. 2005) (taking judicial notice of state court docket entries). At Brewer's request, the hearing on the traffic infraction was continued several times, and finally occurred on September 26, 2014. Brewer submitted an affidavit of defense and a written statement by mail. After considering the parties' statements and the evidence, the court withheld adjudication but imposed a monetary fine and costs, fees, and other assessments, in the total amount of $252.25. The imposition of the monetary fine following the trial qualifies as a conviction under Florida law notwithstanding that the court withheld adjudication.

Case No.: 3:15cv95/RV/EMT

dissenting opinions of five justices in the subsequent case of Spencer v. Kemna, 523 U.S. 1, 118 S. Ct. 978, 140 L. Ed. 2d 43 (1998), members of the Court expressed the view that unavailability of federal habeas may dispense with the Heck favorable-termination requirement.  See Heck, 512 U.S. at 491 (Souter, J., concurring in judgment); Spencer, 523 U.S. at 19 (Souter, J., concurring for four justices) ("Heck did not hold that a released prisoner . . . is out of court on a § 1983 claim, and . . . it would be unsound to read either Heck or the [federal] habeas statute as requiring any such result."); *id.* at 25 (Stevens, J., dissenting) (agreeing with Justice Souter on this point).

The Eleventh Circuit has given conflicting signals on this issue.  *See* Harden v. Pataki, 320 F.3d 1289 (11th Cir. 2003) (holding that Heck did not apply on the facts, because the plaintiff's success on the Fourth Amendment issue did not necessarily imply the invalidity of his conviction; but then, citing Spencer, concluding that Heck did not apply for a "second reason"—that Heck does not bar an action if a habeas remedy is unavailable); *see also* Abusaid v. Hillsborough Cnty. Bd. of Cnty. Comm'rs, 405 F.3d 1298, 1315 n.9 (11th Cir. 2005) (citing Spencer and noting in dicta that the Eleventh Circuit had not "weighed in on this issue" of whether Heck barred a civil rights action if a habeas remedy was unavailable).

In unpublished decisions, the Eleventh Circuit has applied Heck to plaintiffs who were not in custody. *See* Reilly v. Herrera, 622 F. App'x 832, 2015 WL 4508750, at *2–3 (11th Cir. July 27, 2015) (unpublished but recognized for persuasive authority) (concluding that the plaintiff's § 1983 action was barred by Heck, because his success on the constitutional claim would necessarily imply the invalidity of his conviction, and declining to consider the assertion that his claim should be allowed to proceed because federal habeas relief was unavailable, but expressing doubt that Justice Souter intended to propose a broad exception to include prisoners who had the opportunity to challenge their underlying convictions but failed to do so); Christy v. Sheriff of Palm Beach Cnty., Fla, 288 F. App'x 658, 666 (11th Cir. 2008) (concluding that the plaintiff's § 1983 action was barred by Heck, because his success on the constitutional claim would necessarily imply the invalidity of his conviction, and declining to consider the assertion that his claim should be allowed to proceed because federal habeas relief was unavailable); Vickers v. Donahue, 137 F. App'x 285, 287 (11th Cir. 2005) (concluding that the plaintiff's § 1983 claim was barred under Heck because it would necessarily undermine his underlying conviction, and declining to address the issue of the unavailability of habeas relief); *cf.* Koger v. Florida, 130 F. App'x 327 (11th Cir. 2005) (concluding that the plaintiff's § 1983 claim was barred

under Heck because it would necessarily undermine the state court's finding that plaintiff was guilty of a traffic infraction, and not addressing the issue of the unavailability of habeas relief, even though the plaintiff almost surely was not in custody at the time he commenced the § 1983 action).

Following the position taken in Christy, Vickers, and Koger, *supra*, the undersigned concludes that because Brewer's constitutional claims would necessarily imply the invalidity of her conviction for the traffic infraction in Case No. 2014-TR-9228, her claims are barred by Heck.[3]  Therefore, Brewer's claims related to that conviction should be dismissed without prejudice. *See* Domotor v. Wennet, 630 F. Supp. 2d 1368, 1380 (S.D. Fla. 2009), *aff'd*, 356 F. App'x 316 (11th Cir. 2009) (Heck applied even though § 1983 plaintiff was not a prisoner and thus had no recourse under federal habeas statute); *see also, e.g.,* Drayer v. Delaware, 173 F. App'x 997, 998–99 (3d Cir. 2006) (unpublished) (same); Henry v. City of Mt. Dora, No. 5:13-cv-528-Oc-30PRL, 2014 WL 5823229, at *6–9 (M.D. Fla. Nov. 10, 2014) (unpublished) (same); Baer v. Sapp, No. 5:11cv248/MMP/CJK, 2011 WL 9154681, at *6 (N.D. Fla. Dec. 29, 2011), *Report and Recommendation Adopted by* Baer v. Abel, No. 5:11cv248/MMP/CJK, 2012 WL 4466349 (N.D. Fla. Sept. 26, 2012) (unpublished)

---

[3] Brewer could have challenged her conviction by appealing to the state circuit court. *See* Fla. Rules of Traffic Court 6.630(e); Fla. R. App. P. 9.030(c)(1).

(same); Thro v. Bagwell, No. 5:08cv120/RS/EMT, 2011 WL 3925040, at *6 (N.D. Fla. Aug. 9, 2011), *Report and Recommendation Adopted by* 2011 WL 3925031 (N.D. Fla. Sept. 7, 2011) (unpublished) (same); Harris v. Milgram, No. 10-0791 (RBK), 2010 WL 760584, at *12 (D.N.J. Mar. 2, 2010) (unpublished) (same); Heilman v. T.W. Ponessa and Assoc., No. 4:07-cv-1308, 2008 WL 275731, at *7 (M.D. Penn. Jan. 30, 2008) (unpublished) (same); Tobin v. Bodman, No. 1:06-492-RBH, 2007 WL 1068253, at *4 (D.S.C. Mar. 29, 2007) (unpublished) (same); Bilal v. City of Pensacola, No. 3:05cv366/LAC/MD, 2006 WL 173692, at *6 (N.D. Fla. Jan. 24, 2006) (unpublished) (same). *But see* Ray v. Judicial Corr. Serv., No. 2:12-cv-02819-RDP, 2013 WL 5428395, at *8 (N.D. Ala. Sept. 26, 2013) (unpublished) (Heck did not bar § 1983 action because none of the plaintiffs were incarcerated when the suit was filed and their prior stints in jail were too fleeting to permit the filing and resolution of a federal habeas suit).

    C.    Claim under Title VI of the Civil Rights Act of 1964

Title VI of the Civil Rights Act of 1964, 42 U.S.C. § 2000d *et seq.*, prohibits the exclusion from participation in, denial of benefits of, and discrimination under Federally assisted programs on the ground of race, color, or national origin. *See* 42 U.S.C. § 2000d. Brewer does not allege any facts that plausibly suggest that the

issuance of the traffic citations or her convictions for the traffic infractions involved a Federally assisted program. Therefore, her Title VI claim is frivolous.

### D. Claim under 42 U.S.C. § 14141

Section 14141 of Title 42 of the United States Code provides:

> It shall be unlawful for any governmental authority, or any agent thereof, or any person acting on behalf of a governmental authority, to engage in a pattern or practice of conduct by law enforcement officers or by officials or employees of any governmental agency with responsibility for the administration of juvenile justice or the incarceration of juveniles that deprives persons of rights, privileges, or immunities secured or protected by the Constitution or laws of the United States.

42 U.S.C. § 14141(a). However, only the United States Attorney General is statutorily authorized to bring a civil enforcement action under that statute. *See* 42 U.S.C. § 14141(b). Therefore, Brewer's claim should be dismissed as frivolous.

### E. State Law Claims

Brewer's state law claims should be dismissed without prejudice to her pursuing them in state court. It is well established that once a plaintiff's federal claims are dismissed, there remains no independent federal jurisdiction to support the court's exercise of supplemental jurisdiction over any state claims against a defendant. *See* Baggett v. First Nat'l Bank of Gainesville, 117 F.3d 1342, 1352 (11th Cir. 1997). Title 28 U.S.C. § 1367(c)(3) provides that the district court may decline to exercise

supplemental jurisdiction over claims after it has dismissed all claims over which it has original jurisdiction.  *See also* United Mine Workers v. Gibbs, 383 U.S. 715, 725–26, 86 S. Ct. 1130, 1138–39, 16 L. Ed. 2d 218 (1966).  Where § 1367(c) applies, considerations of judicial economy, convenience, fairness, and comity may influence the court's discretion to exercise supplemental jurisdiction.  Baggett, 117 F.3d at 1353 (citing Palmer v. Hosp. Auth. of Randolph Cnty., 22 F.3d 1559, 1569 (11th Cir. 1994); Exec. Software N. Am. v. United States Dist. Court, 15 F.3d 1484, 1493 (9th Cir. 1994); New England Co. v. Bank of Gwinnett Cnty., 891 F. Supp. 1569, 1578 (N.D. Ga. 1995); Fallin v. Mindis Metals, Inc., 865 F. Supp. 834, 841 (N.D. Ga. 1994)).  The Eleventh Circuit has encouraged district courts to dismiss any remaining state claims when the federal claims have been dismissed prior to trial.  *See* Raney v. Allstate Ins. Co., 370 F.3d 1086, 1089 (11th Cir. 2004).

      Taking these factors into account in this case, the court concludes that all state law claims asserted by Brewer should be dismissed to permit her to pursue them in a more appropriate forum.  While it would be convenient for Brewer to continue litigating her case in this court, this court has a substantial number of original jurisdiction cases awaiting review, and neither judicial economy nor fairness to other litigants support retaining jurisdiction of Brewer's state claims and delaying justice

in other cases. Furthermore, the state court is best equipped to research and rule on matters of state law, and comity would suggest that it should be allowed to do so. Moreover, the supplemental jurisdiction statute contains a tolling provision. *See* 28 U.S.C. § 1367(d) (state claims asserted in federal court along with "related" federal claims "shall be tolled while the claim is pending and for a period of 30 days after it is dismissed"); Personalized Media Commc'ns, LLC v. Scientific-Atlantic, Inc., 493 F. App'x 78, 82 n.1 (11th Cir. 2012) ("'Section 1367(d), giving the plaintiff at least 30 days to re-file in state court after a federal court declines to exercise supplemental jurisdiction, removes the principal reason for retaining a case in federal court when the federal claim belatedly disappears.'") (citation omitted). In Krause v. Textron Fin. Corp., 59 So. 3d 1085 (Fla. 2011), the Supreme Court of Florida held that Florida state law claims are tolled while they are pending in federal court, and the plaintiff shall have 30 days after dismissal by the federal court to re-file in state court. *See id.* (citing 28 U.S.C. § 1367). This is specifically "to prevent the limitations period from expiring" on the Florida state law claim while it is being pursued in federal court in conjunction with the federal claim. *Id.* at 1091. Therefore, Brewer's pursuit of any state law claim in state court would not be prejudiced by this court's declining to exercise supplemental jurisdiction over those claims.

Case 3:15-cv-00573-RV-EMT   Document 9   Filed 06/24/16   Page 17 of 18

Page 17 of 18

### III. CONCLUSION

Brewer's federal claims are subject to dismissal as abusive of the judicial process, barred by res judicata and <u>Heck</u>, and frivolous, pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)–(ii). Additionally, the court should decline to exercise supplemental jurisdiction over any state law claims asserted by Brewer; therefore, those claims should be dismissed without prejudice.

For the foregoing reasons, it is respectfully **RECOMMENDED**:

1. That Plaintiff's federal claims be **DISMISSED** as follows:

   a. Plaintiff's constitutional claims arising from the traffic citation issued by Sergeant Neff of the Gulf Breeze Police Department on September 14, 2011 be **DISMISSED with prejudice** as abusive of the judicial process and as barred by res judicata;

   b. Plaintiff's constitutional claims arising from the traffic citation issued by Officer Scapin of the Gulf Breeze Police Department on May 18, 2014 be **DISMISSED without prejudice** as <u>Heck</u>-barred; and

   c. Plaintiff's claims under 42 U.S.C. § 2000d *et seq.* (Title VI of the Civil Rights Act of 1964) and 42 U.S.C. § 14141 be **DISMISSED with prejudice** as frivolous.

2.	That Plaintiff's state law claims be **DISMISSED without prejudice**.

3.	That the clerk be directed to enter judgment accordingly and close the file.

At Pensacola, Florida this 24th day of June 2016.


/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**CHIEF UNITED STATES MAGISTRATE JUDGE**


## NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.  Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.**  A copy of objections shall be served upon all other parties.  If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636.**